

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BELTRAN-VIZCALA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | Cr. No.  08-0754GT<br>Cv. No.  08-1219GT<br><br>**ORDER** |

    On July 7, 2008, Petitioner, Jesus Beltran-Vizcala ("Mr. Beltran"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Beltran argues that his counsel was ineffective because he did not request a two level downward departure based on his status as a deportable alien, which Mr. Beltran asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Beltran's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Beltran's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

    First, Mr. Beltran pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Beltran

explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Beltran expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Beltran is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Beltran had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Beltran argues that his counsel was ineffective because his counsel did not argue for a two point downward departure because of Mr. Beltran's status as a deportable alien. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Beltran has made no showing that he would have gone to trial but for the errors of his counsel. Additionally, Mr. Beltran's argument that the Court could depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Specifically, the Ninth Circuit has held that the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1] Mr. Beltran's counsel could not argue for such a downward departure. Finally, Mr. Beltran's plea agreement called for a 30 month sentence and he received only an 18 month sentence. It is clear from the record that

---

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a deportable alien he is not eligible to spend the last six months of his sentence in a half way house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th Cir. 1996).

Mr. Beltran received both adequate representation and the benefit of his bargain. Accordingly,

**IT IS ORDERED** that Mr. Beltran's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

4-2-09
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter     Petitioner